IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DONNA HAMILTON,

           Plaintiff,

v.                                        CIVIL ACTION NO.   5:16-cv-10035

RALEIGH GENERAL HOSPITAL,
LLC, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Notice of Removal* (Document 1) and the Plaintiff's *Amended Class Action Complaint* (Document 1-1).  The Court has also reviewed the *Plaintiff's Motion to Remand* (Document 16), the *Memorandum of Law in Support of Plaintiff's Motion to Remand* (Document 17), *Defendant CIOX Health, LLC's Response in Opposition to Plaintiff's Motion to Remand* (Document 21), the Plaintiff's *Reply to Defendant CIOX Health, LLC's Response in Opposition to Plaintiff's Motion to Remand* (Document 23), and all attached exhibits.  In addition, the Court has reviewed *Defendant CIOX Health, LLC's Motion for Leave to File a Sur-reply to Plaintiff's Reply in Support of Plaintiff's Motion to Remand* (Document 31), and *Defendant CIOX Health, LLC's Sur-reply in Opposition to Plaintiff's Motion to Remand* (Document 31-1).  For the reasons stated herein, the Court finds that the Plaintiff's motion to remand should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiff, Donna Hamilton, initiated this action in the Circuit Court of Raleigh County on June 9, 2015. She named Raleigh General Hospital as a Defendant, along with additional companies that she later dismissed. On September 22, 2016, she filed an *Amended Class Action Complaint* (Document 1-1), adding Healthport Technologies (CIOX)[1] and Medi-Copy Services, Inc., as Defendants. CIOX, a Georgia corporation with its principal place of business in Georgia, removed the matter to federal court on October 25, 2016.

In her amended class action complaint, Ms. Hamilton alleges that she and other similarly situated patients were overcharged for copies of medical records, in violation of West Virginia law. Ms. Hamilton was a patient at Raleigh General. After June 6, 2014, she and her attorney requested medical records, which were provided by CIOX. She was charged allegedly excessive fees per page, rather than a reasonable, cost-based fee as required under West Virginia Code § 16-29-1. She asserts that Medi-Copy and CIOX "fulfilled all or a substantial portion of the medical records requests that were processed for the Raleigh General facility located in Beckley, West Virginia." (Am. Compl. at ¶ 11.)

The amended class action complaint contains nine counts. Count I alleges Violation of W.Va. Code § 16-29-1 *et seq.* (current version), asserting that the Defendants charged more to fulfill medical records requests than permitted by that statute. Count II, Violation of Public Policy, asserts that overcharging for medical records violates West Virginia's public policy favoring access to medical records. Count III, Breach of Implied Contract, claims that, in seeking medical care at Raleigh General, the Plaintiff and those similarly situated entered into an implied

---

[1] The Defendant indicates that it is properly known as CIOX Health, LLC.

2

contract with the Defendants that their care would be documented and they would be provided their medical records in accordance with state law upon request.  Count IV seeks a declaratory judgment finding that the Defendants' actions violated the limits on the amounts that may be charged to patients seeking their medical records set forth in W.Va. Code § 16-29-1 *et seq.*   Count V, Violation of W.Va. Code § 46A-2-127 (West Virginia Consumer Credit and Protection Act), alleges that the Defendants falsely represented the amount that could legally be charged as a fee for producing medical records.  Count VI, Violation of W.Va. Code § 16-29-1- *et seq.* (prior version) Overcharging, and W.Va. Code § 46A-2-127(g) and W.Va. Code § 46A-6-101 *et seq.*, likewise alleges that the Defendants charged patients more than the 'reasonable expenses incurred' to produce medical records.  Count VII, Violation of W.Va. Code § 46A-6-101 *et seq.*, asserts that the conduct set forth above constitutes an unfair or deceptive act or practice.  Count VIII alleges that the Defendants engaged in a civil conspiracy to effectuate their allegedly unlawful conduct.  Finally, Count IX, Negligent Supervision/Failure to Supervise, asserts that Medi-Copy and CIOX were agents of Raleigh General, and that Raleigh General failed to properly supervise their actions in charging excessive fees for medical records.

      The amended class action complaint describes the class as "all persons who: (1) requested copies of their medical records from Defendants and (2) were invoiced for the services provided by Defendants to obtain their medical records in excess of the amount allowed by W.V. Code § 16-29-1 *et seq.*(prior version and current version)."   (Am. Compl. at ¶ 8.)   Ms. Hamilton states that a class is appropriate based on the size of Raleigh General's patient population, particularly in light of her belief that all patients who sought medical records were overcharged.  She attached a document to her motion to remand that indicates that the state of residence for approximately

98% of inpatient patients is West Virginia. The Plaintiff seeks compensatory damages, statutory damages, pre-judgment and post-judgment interest, costs, and attorney fees.

In its notice of removal, CIOX asserts that it has "serviced approximately 80,000 requests for records made to health care providers in West Virginia by patients or patients' attorneys" during the time period relevant to the amended class action complaint. (Not. of Removal at ¶ 16.) In addition, it asserts that those record requests resulted in invoices totaling more than $7,000,000 and payments in excess of $5,500,000. The statutory penalties associated with the alleged WVCCPA violations, based on the same statewide records, total at least $64 million. Potential punitive damages and attorneys' fees further increase the amount in controversy. In response to the Plaintiff's motion to remand, CIOX produced an affidavit by its Deputy General Counsel of Litigation, Dart Jackson. (D. Jackson Aff., att'd to Def.'s Resp. as Ex. B) (Document 21-1). Mr. Jackson confirms the number of record requests serviced, invoiced, and paid in West Virginia as outlined above.

The Plaintiff filed her motion to remand on November 23, 2016, and CIOX responded on December 7, 2016. The Plaintiff replied on December 19, 2016. On January 10, 2017, the *Plaintiff's Motion for Leave to File Second Amended Class Action Complaint* (Document 28) and an attached proposed *Second Amended Class Action Complaint* (Document 28-1) were filed. On January 24, 2017, CIOX filed a motion seeking leave to file a sur-reply to the motion to remand, arguing that the allegations within the proposed second amended class action complaint conflict with the Plaintiff's positions set forth in the remand briefing. The Court finds that CIOX's sur-reply may properly be considered, to the extent it contains arguments arising from the Plaintiff's

proposed second amended class action complaint, and so the motion for leave to file a sur-reply will be granted. Briefing on the motion to remand is complete, and the matter is ripe for ruling.

## STANDARD OF REVIEW

The Class Action Fairness Act (CAFA) provides for federal jurisdiction in civil class action cases with an amount in controversy over $5,000,000, at least 100 class members, and diversity between at least one plaintiff and at least one defendant. 28 U.S.C. § 1332(d). A defendant's notice of removal is held to the same pleading standards as a complaint, and need not supply supporting evidence. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). After a defendant's jurisdictional allegations have been challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 553-54. Contrary to the standard for removal and remand in diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Id.* at 554. However, "as the party seeking removal, [the defendant] bears the burden of establishing federal jurisdiction." *Lanham v. Nationstar Mortg., LLC*, 169 F. Supp. 3d 658, 660 (S.D.W. Va. 2016) (Johnston, J.)

## DISCUSSION

The Plaintiff presents several arguments for remand. First, she asserts that CIOX has not established that the amount in controversy exceeds $5,000,000, emphasizing that CIOX's numbers involve medical records requests by all West Virginia patients, rather than only Raleigh General patients. Second, she argues that the 'home state' or 'local controversy' exceptions to CAFA are

applicable, as at least two-thirds of the plaintiff class members are West Virginia residents, Raleigh General is a West Virginia citizen and is the primary Defendant, and the events took place in West Virginia. Third, the Plaintiff urges the Court to apply a discretionary CAFA exception and find that remand is in the interest of justice. Finally, the Plaintiff argues that removal was untimely because she believes CIOX was aware of the class action complaint filed on June 9, 2015, with essentially the same allegations, which erroneously named Parallon entities as Defendants. The Parallon Defendants were represented by the same counsel representing CIOX, and were dismissed when the Plaintiff identified CIOX and Medi-Copy as the proper Defendants. Raleigh General has been involved in this litigation since May 2015, and the Plaintiff believes it would have informed CIOX of the lawsuit and the Plaintiff's expressed intent to add the parties involved responding to requests for medical records from Raleigh General.

CIOX contends that the amended class action complaint "describes a statewide putative class." (Resp. at 1.) It urges the Court to focus on the language describing the proposed class within the Plaintiff's amended class action complaint, as the pleading in effect at the time of removal, rather than accepting the Plaintiff's characterization of her claims. Further, CIOX argues that the amount in controversy is amplified by the value of attorneys' fees (which it believes should be quantified as one third of the Plaintiffs' projected damages) and potential punitive damages. CIOX argues that neither the 'local controversy' nor the 'home state' exceptions to CAFA jurisdiction are applicable. It asserts that the Plaintiff's data consisting of inpatient discharge residential addresses excludes outpatient and emergency patients, and is insufficient to demonstrate citizenship. Based on its premise that the complaint involves a statewide class, CIOX also asserts that Raleigh General cannot be considered a primary defendant, given that

6

CIOX, Medi-Copy, and potential John Doe billing companies service other health care providers throughout the state. Next, CIOX argues that the discretionary exception is not applicable because not all of the primary defendants are West Virginia citizens, and the Plaintiff has not produced sufficient evidence regarding the citizenship of the Plaintiff class. Finally, CIOX argues that its removal was timely, asserting that it had no reason to know it would be sued until it was actually served with the amended class action complaint.

In reply, the Plaintiff again argues that the complaint, properly read, is brought only on behalf of Raleigh General patients who sought records. She also notes that CIOX's amount in controversy calculations include the entirety of fees charged, rather than only the amounts charged in excess of the legally permitted fees. By failing to distinguish between unlawful and lawful charges, the Plaintiff argues, CIOX has provided an irrelevant number.

In its sur-reply, CIOX argues that the proposed second amended class action complaint shows the Plaintiff's argument regarding the limitations on her proposed class to be "disingenuous." The second amended complaint adds Raleigh General's parent companies as Defendants, as well as adding additional named Plaintiffs who were Raleigh General patients.[2] CIOX emphasizes allegations that include all medical facilities affiliated with Raleigh General's parent company. In addition, CIOX argues that the Plaintiff's motion to amend her complaint constitutes a waiver of the alleged procedural defect based on the timing of removal.

The Court finds that CIOX has failed to establish the amount in controversy, and remand is appropriate. As an initial matter, although the scope of the class in the allegations of the second

---

2 CIOX and Medi-Copy both have pending motions asserting that Ms. Hamilton lacks standing because they did not service her representative's request for medical records. The Plaintiff indicates that the additional named Plaintiffs are included to ensure that each Defendant interacted with a named Plaintiff.

7

amended class action complaint is unclear,[3] the Court does not find that the proposed amendment renders the Plaintiff's argument or position disingenuous. The pleadings in effect at the time of removal govern federal jurisdiction, and the Court, therefore, has not considered the proposed second amended class action complaint.

Courts within this district and in the Northern District of West Virginia have repeatedly held that a complaint should be read as a whole to determine who is a member of the putative class. *Krivonyak v. Fifth Third Bank*, No. CIV.A. 2:09-CV-00549, 2009 WL 2392092, at *5 (S.D.W. Va. Aug. 4, 2009) (Goodwin, C.J.); *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 526 (S.D.W. Va. 2011) (Goodwin, C.J.); *Pirillo v. PNC Mortg. Corp.*, No. 1:12CV7, 2012 WL 761607, at *2 (N.D.W. Va. Mar. 7, 2012); *Pauley v. Hertz Glob. Holdings, Inc.*, No. CIV.A. 3:13-31273, 2014 WL 2112920, at *4 (S.D.W. Va. May 19, 2014) (Chambers, C.J.) (in-depth discussion of prior cases); *Lanham v. Nationstar Mortg., LLC*, 169 F. Supp. 3d 658, 661 (S.D.W. Va. 2016) (Johnston, J.). CIOX is correct that the class definition appears broad in this case: "all persons who: (1) requested copies of their medical records from Defendants and (2) were invoiced for the services provided by Defendants to obtain their medical records in excess of the amount allowed [by law]." (Am. Comp. at ¶ 8.) The dates include June 9, 2010, through the date of the amended class action complaint. However, the complaint, read as a whole,[4] clearly limits its allegations to Raleigh General patients. In naming CIOX and Medi-Copy as Defendants, the Plaintiff specifies that they do business with Raleigh General. She bases her class numerosity allegations entirely on Raleigh General's size and patient population. She alleges that Medi-Copy and CIOX "fulfilled all or a

---

3 Given the arguments presented herein, the Court finds it somewhat surprising that the Plaintiff sought to amend her complaint in a manner that made the class allegations more ambiguous.

4 In addition to the case law establishing that complaints should be read as a whole, the Plaintiff's amended class action complaint repeatedly incorporates previous allegations.

substantial portion of the medical records requests that were processed for the Raleigh General facility." (*Id.* at ¶ 10.) Ms. Hamilton's personal allegations as class representative relate to her experience requesting records from Raleigh General. The amended complaint sometimes refers to "Defendants" collectively. In context, some allegations clearly involve a medical care provider, as well as the entity responsible for fulfilling medical records requests.[5] As Raleigh General is the only Defendant that provides medical care, those allegations further clarify that this litigation involves only Raleigh General patients. Even the allegation that "Defendants conspired with each other, as well as other healthcare providers through the State of West Virginia, to effectuate the unlawful conduct set forth herein," indicates that those other, non-defendant, healthcare providers are not part of this suit. Finally, the Plaintiff's negligent supervision/failure to supervise claim asserts that Medi-Copy and CIOX were or are agents of Raleigh General, and Raleigh General was responsible for supervising them to ensure compliance with legal limits on fees to produce medical records.

Reading the operative pleading as a whole, the Plaintiff's class includes only individuals or their representatives who sought medical records from Raleigh General during the relevant period, and were charged excessive fees. Therefore, CIOX's averments regarding the total number of medical records requests invoiced in the state of West Virginia[6] cannot support a finding that the amount in controversy in this case exceeds $5,000,000. After the Plaintiff moved

---

5 For example, the breach of contract claim alleges that an implied contract arose when Ms. Hamilton sought care at Raleigh General. She alleges that she "suffered damages as a result of Defendants' breach of the implied contract to document the care provided to Plaintiff in her medical records and to provide copies of those records to requestors and/or patients upon request." (Am. Compl. at ¶ 49).

6 In addition, CIOX provided no information regarding how it calculates fees, and whether the same calculations are used at all facilities. Information in briefing on the motion to amend suggests CIOX and the health care facilities contracted independently, potentially with different fee structures. Even if there were a statewide class, the total number of records requests invoiced and/or paid does little to clarify how many of those requests involved allegedly excessive fees.

9

to remand, challenging jurisdiction generally *and* challenging CIOX's overbroad class definition, CIOX nonetheless provided no additional information that the Court could rely on to determine the amount in controversy. Accordingly, the Court finds that CIOX has failed to meet its burden of producing evidence sufficient to establish, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000. Given that finding, there is no need to address the remaining arguments presented by the Plaintiff in favor of remand. This matter should be remanded to the Circuit Court of Raleigh County, West Virginia.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that *Defendant CIOX Health, LLC's Motion for Leave to File a Sur-reply to Plaintiff's Reply in Support of Plaintiff's Motion to Remand* (Document 31) be **GRANTED** and that the attached sur-reply (Document 31-1) be **FILED.** The Court further **ORDERS** that the *Plaintiff's Motion to Remand* (Document 16) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Raleigh County, West Virginia. Finally, the Court **ORDERS** that all pending motions herein be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Raleigh County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER: March 2, 2017

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA